DELMA GRUMBLES V. THE STATE.

No. 21862. Delivered January 21, 1942.

The opinion states the case.

*J. Mitch Johnson*, of San Saba, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by the jury and sentenced to pay a fine of $100.00 for a violation of the local option laws of this State.

The testimony shows that on March 1, 1941, three boys presented themselves at appellant's home and requested him to sell them some whisky. He agreed to do so, and handed one of them a bottle of whisky, and one of the boys reached over towards the appellant and handed him some "metal," as testified to by one of them; however the two witnesses that testified, both said they could not swear that they saw anyone pay appellant for the whisky; about this time in the transaction the sheriff and another drove up and took the whisky into their possession. The sheriff searched the boys' car, which search was objected and excepted to, but found nothing therein, but upon a search of the boys they found the bottle of whisky. There was naught in the car, therefore nothing to address an objection to in so far as the car was concerned.

The matter of a sale was at issue herein, and the evidently reluctant witnesses only testified to circumstances from which the main fact could be inferred, and that is, of a sale; and there being no further testimony thereto, the case rested upon circumstantial evidence. See Branch's Penal Code, p. 1341.

The fact of whether or not this was a sale was also a matter made an issue by the State's witnesses in that the State was not able to show directly that any funds were passed nor any payment made or promised to be made for such whisky. True it is that such could be shown by means of circumstances, but it is also true that a sale should be shown, and we think the court should have defined in his charge the term "sale" under the facts herein shown.

Appellant presented the court with properly prepared charges on both a sale and circumstantial evidence, and the failure to give same is made the basis of separate bills of exceptions.

For the failure to give such charges this judgment is reversed and the cause remanded.