PETE BARRERA, SR. V. STATE.

No. 30,867. October 7, 1959.

*Clay Coggins,* Roby, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the sale of whisky in a dry area with a prior conviction alleged for enhancement; the punishment, $1,000 fine.

It was stipulated that Taylor County was a dry area; and proof was offered of the prior conviction as alleged.

Jimmy Martin, the alleged purchaser, is a Negro. He did not testify.

A police officer testified that he and a fellow officer saw the appellant and a Negro, about 4:30 P.M., walk around the corner of a hotel, notorious as a bootlegging place operated by and for Negroes. The Negro and appellant continued a short distance toward the officer and stopped. The officer testified that he saw appellant take a half-pint bottle of whisky from his pocket and hand it to the Negro. The Negro cracked the seal on the bottle and handed it back to the appellant and took some money from his pocket, gave it to the appellant, and appellant again handed the whisky to the Negro. The officers did not hear any words spoken by or between either the appellant or the Negro. They found $2.25 in appellant's hand, and found one half-pint of whisky on the Negro.

The officer testified that he assumed from what he saw that there was a sale, but agreed that appellant could have bought

the whisky at the hotel, or furnished the Negro money for that purpose.

Appellant did not testify, however he called witnesses who testified that he appeared to be intoxicated about 3:00 P.M. on the day he borrowed $10.00 at a grocery store to buy whisky. After borrowing the $10.00, Pete Sanchez drove appellant to a hotel where appellant had bought whisky the night before. Within a short time appellant came out of the hotel with a Negro holding his arm. The Negro had a bottle of whisky and handed it to appellant and appellant handed him some money.

Appellant requested and then excepted to the refusal of the court to charge on circumstantial evidence.

There was no direct evidence showing a sale of whisky as alleged. Where a sale of whisky is at issue and the evidence in support of the sale shows a transaction occurring in such a manner and under circumstances from which the main fact, that is, a sale, could only be inferred, then the case rests on circumstantial evidence. 18 Texas Juris., sec. 317, p. 439; McCormick & Ray, Texas Law of Evidence section 14, p. 328 (2d ed. 1956). Here, the inference may have been deducible from the evidence that a sale was made by the appellant to the Negro but the nature of the evidence is such that it did not warrant the court in refusing to instruct the jury upon the law of circumstantial evidence. Grumbles v. State, 143 Texas Cr. Rep. 162, 162 S.W. 2d 71.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.